Peck, J.
delivered the opinion of the court.
The first question presented is on the petition to rehear the cause in the chancery court. This depends upon the rules of the court, and the construction put upon them by the Chancellors; and as both the letter and construction, are against the rehearing on a motion made at a subsequent term, this is held to be no sufficient ground for controverting the decree.
The second point to be considered is that which arises upon the demurrer to the bill. It is insisted that enough appears upon the face of the bill to show that the act of limitations has barred the right of complainant. The grounds laid in the bill for the delay in bringing it, obviates this objection to the relief claimed by complainant. The concealment of the fact that Marsh was a secret partner in the bargain, and that he was covertly valuing for himself, and that this fact was not discovered until within a. few months before filing the bill, makes a different case from those where from the running of the act of limitations, the demurrer is allowable. The charge in this bill, that’the fraud was undiscovered until within the per *74 iod prescribed by the act, is such as has been held to save the right to sue, and obviate the bar m a court oí chau-eery.
3. The merits of the cause depend upon the evidence. Several of the witnesses prove such facts as go to show that there subsisted a secret understanding between Ross and Marsh, at the time of the purchase from Haywood: and that the value of the land was depressed by the agency of Marsh at the time of valuation, is clearly evinced. If we were to take these together, simply as circumstances, they of themselves would go far to establish the right of the complainant to his decree. But the evidence which Ross and Marsh have jointly produced in the second agreement, reciting as it does, that they in partnership, had bought the land from Haywood, is conclusive upon them. They must be held to their recital; it is not only unexplained, but it would be of evil tendency to permit the explanation, if it were in the power of Ross and Marsh to do it, which is not pretended. Again, the price for which the land has been sold, is so at variance with the valuation, that as a circumstance, it cannot be overlooked.
The whole, taken together, makes a case of gross fraud.
Decree affirmed.